(16 Misc. Rep. 291.)

GAGE v. PEETSCH.

(City Court of New York, General Term.  March 16, 1896.)

FALSE REPRESENTATIONS—EVIDENCE.
    Where one, selling a lease and stock of goods, falsely represents the
    amount of a mortgage thereon, and assures the purchaser that it is not
    necessary to look up the records of the mortgage, he is liable to the pur-
    chaser who relies thereon.

Appeal from trial term.
Action by Leonard M. Gage against Henry Peetsch. From a judgment of nonsuit, plaintiff appeals. Reversed.
Argued before FITZSIMONS, CONLAN, and O'DWYER, JJ.

William F. Randel, for appellant.
Edward W. S. Johnston, for respondent.

O'DWYER, J.  The appeal is from a judgment in favor of the defendant, entered upon the dismissal of the complaint at the close of the plaintiff's case.  The action is brought to recover the sum of $550, paid by the plaintiff to defendant for the good will, stock in trade, and lease of a saloon, upon the ground that the defendant falsely represented that the property in question was wholly free from incumbrances or debt of any nature or character, excepting a certain chattel mortgage for $950, and that that sum was all that was due upon the mortgage; that it was a lien on the saloon and fixtures only; that the receipts averaged over $25 daily; and that, by accepting certain assignments of a bill of sale and lease, plaintiff would be fully entitled to conduct, maintain, and carry on said saloon, subject only to said debt of $950 upon the saloon and fix-

tures. Thereafter the plaintiff learned that the mortgage covered, and was also a lien upon, the lease and license, and that the sum of $1,440.10 was due, and a valid lien at the time of the sale, under the mortgage, and he was compelled to surrender the saloon to the mortgagee. At the close of the plaintiff's testimony on the trial, the court, upon the motion of counsel for the defendant, granted a nonsuit, to which the counsel for the plaintiff excepted. The motion for a nonsuit was granted and made on the following ground:

"That plaintiff has not proved a cause of action, as he has not proved any false representations, or any known to be false, and made with the intent to deceive; and that he has not proved any damages, or that the representations were false in fact."

In reviewing a judgment upon a nonsuit, the plaintiff is entitled to the benefit of every fact that the jury could have found from the evidence given, and to every legitimate inference that is warranted by the proofs. This disposition of a cause by a trial court is never warranted, unless it appears that the plaintiff is not entitled to recover after giving him the benefit of the most favorable view that a jury would be warranted in taking of the evidence.

The plaintiff's theory with respect to the facts, so far as they were supported by the evidence, must be deemed to be established; and, where inferences are to be drawn from facts and circumstances not in themselves certain or incontrovertible, it is generally for the jury, and not for the court.

It appears, from the evidence, that one Connell stated to the plaintiff, in the presence of the defendant: "Here is Mr. Peetsch [defendant]. I am only his agent. He is my boss." And also stated: "The earnings were $25 per day, the rent about $40, and the mortgage $950." That Mr. Sloan, a real-estate agent, who had the place from defendant for sale, introduced the plaintiff, and brought him to defendant's place, and he (Sloan), in defendant's presence, told plaintiff, when he suggested the necessity of having a lawyer examine the matter: "It is not necessary. The statement he [defendant] makes he is bound by it." And, when plaintiff asked as to the defendant's responsibility, Sloan said: "Mr. Gage, Mr. Peetsch is engaged in business, in a legitimate business, and he cannot afford to do anything that way." Whereupon plaintiff said: "I understand, Mr. Peetsch, when I pay you $550, that I have invested in this place, subject to a mortgage of $950." And the defendant answered: "That is all." And plaintiff repeated: "Subject to a mortgage of $950. Is that all against it?" And defendant again replied: "That was all." Plaintiff thereupon paid the defendant the sum of $550, and received a receipt for the same, together with assignments of the bill of sale and lease, heretofore referred to. It was subsequently learned that the mortgage was not only for $950, but for all sums due at any time for goods sold and advances made, and that, at this time, there was a due and valid lien against the place, including the mortgage, of $1,440.10, for which sum and lien the plaintiff was obliged to surrender the saloon under the mortgage.

The evidence clearly shows that the defendant took plaintiff's money, leading him to believe, and to rely upon the representations, that but $950 was due, when he knew the amount was much more. The defendant knew the mortgage was a valid lien, and an incumbrance against the saloon, for goods sold, in addition to the $950, and his omission to disclose that fact when asked by plaintiff was wrong, and he should not be allowed to retain the benefit so wrongfully procured. It is not only consonant with reason and justice, but clearly settled in this state, that a vendor possessed of knowledge of latent defects in his property, proposed to be sold, cannot honestly represent to an intending purchaser that it is free from such defects. Defendant's answer to plaintiff's inquiry was a false representation. It was not necessary for plaintiff to employ a lawyer and examine the mortgage on file. He had a right to rely upon defendant's statements and accept them as true. The essential elements of the action—representations, falsity, scienter, deception, and injury—were proven, and it was error to nonsuit the plaintiff.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.